# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

GARY B. LEUCHTMAN, as personal   )
representative of the estate of P.B.,   )
a deceased minor; JESSICA DOUGLAS,   )
parent of P.B.; WILLIAM BROWDER,   )
parent of P.B.; and P.B., sister of P.B.,   )
by and through her parents and next   )
friends, Jessica Douglas and William   )
Browder,   )
   )
     *Plaintiffs*,   )
   )
v.   )   Case No. 3:23-cv-07955-TKW-ZCB
   )
FISHER-PRICE, INC.; MATTEL, INC.;   )
and DIRT CHEAP LLC,   )
   )
     *Defendants*.   )

---

## REPORT OF PARTIES' PLANNING CONFERENCE

---

Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held on July 5, 2023. In attendance were the following individuals:

| | |
|---|---|
| Jane F. Mauzy | Counsel for Plaintiffs Gary B. Leuchtman, |
| Eric Stevenson | Jessica Douglas, William Browder, and P.B. |
| | |
| Bardia Sanjabi | Counsel for Defendants Fisher-Price, Inc. |
| Brandon D. Cox | and Mattel, Inc. (hereinafter the "Fisher- |
| Alexandra Bach Lagos | Price Defendants") |
| | |
| Jeremy W. Harris | Counsel for Defendant Dirt Cheap LLC |
| | (hereinafter "Dirt Cheap") |

The Parties agree that the nature of the case (a wrongful death action

involving product liability claims against an inclined sleep product), location of party witnesses, out-of-state expert witnesses, and number of key fact witnesses outside of the Parties' control compels the dates/discovery cut-off proposed herein. All counsel believe that the proposed dates are realistic and represent a reasonable and feasible schedule to ensure that this case is ready for trial by the proposed trial date.

(i)     <u>Magistrate Judge Jurisdiction</u>. In accordance with Rule 73.1(A) of the Local Rules, and this Court's Initial Scheduling Order, the Parties have conferred about the use of a magistrate.

(ii)    <u>Nature and Basis of All Claims and Defenses</u>. This is a product liability case arising under Florida and federal substantive law.

As set forth more fully in Plaintiffs' Complaint (ECF No. 1), Plaintiffs allege that five-and-a-half month old P.B. died on April 21, 2021 from positional asphyxia due to a defective and unreasonably dangerous infant seat, the Fisher-Price Rock 'n Play Sleeper (hereinafter the "Rock 'n Play Sleeper"). Plaintiffs further allege that the Fisher-Price Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, and/or sold the Rock 'n Play Sleeper throughout the U.S. and the world for ten years as a product that was allegedly suitable for safe infant sleep, including prolonged and overnight sleep when, in fact, inclined sleepers like the Rock 'n Play Sleeper were unsuitable for infant

sleep, dangerous, and deadly. In April 2019, the Fisher-Price Defendants were forced to recall the Rock 'n Play Sleeper and cease selling the product by the Consumer Product Safety Commission ("CPSC"); however, at least eight additional infant fatalities, including P.B., occurred after the April 2019 recall announcement, due to negligent efforts by the Fisher-Price Defendants to recall the product and warn the public of the product's danger. In addition to the Fisher-Price Defendants (1) defectively designing the Rock 'n Play Sleeper, (2) knowing that the Rock 'n Play Sleeper was unsuitable for infant sleep, (3) insufficiently warning about the product's danger, and (4) mishandling the product recall, Plaintiffs allege that Defendant Dirt Cheap, one of the nation's largest retailers, knowingly sold the subject Rock 'n Play Sleeper <u>new</u> for P.B.'s use on January 23, 2021, despite it being subject to a mandatory CPSC recall for nearly two years. Plaintiffs assert the following claims against the Defendants: (1) strict liability, (2) negligence, (3) breach of implied warranties, and (4) knowing violations of the CPSC rules and orders.

The Fisher-Price Defendants deny the allegations made by Plaintiffs and state the affirmative defenses pled in their Answer to Plaintiffs' Complaint provide the bases, both factual and legal, for the defenses to Plaintiffs' Complaint. [*See* ECF No. 20]. Fisher-Price Defendants state the Rock 'n Play Sleeper was a safe product that was properly designed, tested, and brought to market in compliance with all

applicable standards and regulations. The Rock 'n Play Sleeper and product labeling contained adequate, clear, and proper warnings at all times.

Fisher-Price Defendants deny they committed any of the acts alleged in Plaintiffs' Complaint and deny the Rock 'n Player Sleeper was defective. Fisher-Price Defendants deny any and all liability or wrongdoing whatsoever.

Defendants further deny the Rock 'n Play Sleeper caused or contributed in any way to P.B.'s unfortunate death. Fisher-Price Defendants deny Plaintiffs can satisfy their burden to prove causation, because any of Plaintiffs' claimed damages were caused by unforeseeable, independent, intervening, alternative causation, and/or superseding events, acts, pre-existing conditions, or omissions for which Fisher-Price Defendants are not legally responsible. Furthermore, Fisher-Price Defendants contend any claimed damages may have been caused by unforeseeable misuse, abuse, abnormal use, user error, alterations, changes, and/or modifications to the product described in Plaintiffs' Complaint for which Defendants were and are in no way liable.

Fisher-Price Defendants deny Plaintiffs' allegations that the Rock 'n Play Sleeper was unmerchantable, and/or was unfit for a particular purpose as set forth fully in Defendants' Answer to Plaintiffs' Complaint, filed June 16, 2023. Fisher-Price Defendants further deny that they violated any statutes within the Consumer Product Safety Act ("CPSA").

4

Defendant Dirt Cheap denies the allegations made by Plaintiffs and states the affirmative defenses pled within Dirt Cheap's Answer to Plaintiffs' Complaint provides the factual and legal basis for the defenses to Plaintiffs' Complaint. [*See* ECF No. 13]. Defendant Dirt Cheap denies it committed any of the acts or omissions alleged in Plaintiffs' Complaint and deny the Plaintiffs' allegations regarding Dirt Cheap's liability or wrongdoing as well as deny any and all liability or wrongdoing whatsoever.

Defendant Dirt Cheap further denies that it caused or contributed in any way to P.B.'s unfortunate death. Dirt Cheap likewise denies that Plaintiffs can satisfy their burden to prove causation, as any of Plaintiffs' claimed damages were caused by unforeseeable, independent, intervening, alternative causation, and/or superseding acts, events, pre-existing conditions, and/or omissions for which Defendant Dirt Cheap cannot be legally responsible. Furthermore, Defendant Dirt cheap contends that Plaintiffs' claimed damages may have been caused by unforeseeable misuse, abuse, abnormal use, purposeful or accidental improper use, alterations, changes, and/or modifications to the product described in Plaintiffs' Complaint for which Defendant Dirt Cheap was not and is not liable. Defendant Dirt Cheap further denies Plaintiffs' allegations that the Rock 'n Play Sleeper was not merchantable and/or was unfit for a particular purpose as noted in Defendant Dirt Cheap's Answer to Plaintiffs' Complaint. Defendant Dirt Cheap further denies any

statutory violations or alternative theories of negligence presented or alleged by

Plaintiffs.

The principal factual and legal issues are as follows:

- All facts and circumstances of the incident giving rise to this litigation.

- Whether the Rock 'n Play Sleeper was unreasonably dangerous in its manufacture, design, and/or warnings.

- Whether the Fisher-Price Defendants negligently manufactured and/or designed the Rock 'n Play Sleeper, and/or negligently failed to warn P.B.'s caretakers of the risks associated with the Rock 'n Play Sleeper.

- Whether the manufacture, design, and/or warnings of the Rock 'n Play Sleeper caused P.B.'s alleged injuries and death.

- Whether Defendants knew or should have known that the Rock 'n Play Sleeper was unreasonably dangerous and unsuitable for infant sleep.

- Whether Defendants failed to comply with any implied warranties presented regarding the Rock 'n Play Sleeper.

- Whether Defendants' alleged failure to comply with any implied warranties regarding the Rock 'n Play Sleeper caused P.B.'s alleged injuries and death.

- Whether Defendants' conduct exhibited a violation of § 2072 of the CPSA.

- Whether Plaintiffs are entitled to loss of consortium damages.

- Whether Plaintiffs are entitled to punitive damages.

- Whether Plaintiffs are entitled to attorneys' fees, expert witness fees, court costs, and interest from the date of judgment.

Additionally, Defendants assert the following factual and legal issues:

- Whether there is privity of contract between Defendants and Plaintiffs so as to permit recovery under Plaintiffs' breach of implied warranties cause of action.

- Whether an intervening, superseding, and/or alternative cause was the proximate cause of P.B.'s alleged injuries and death.

- Whether misuse of the Rock 'n Play Sleeper caused or contributed to P.B.'s alleged injuries and death.

- Whether Plaintiffs' claims are barred by the doctrine of assumption of risk.

(iii)    <u>Possibility for Settlement or Resolution</u>. The Parties agree that settlement possibilities may be enhanced by mediation to occur after the completion of substantial discovery. In order to ensure productive settlement discussions, Plaintiffs agree to provide a settlement demand to Defendants by no later than **September 1, 2023**. The Parties further agree to engage in a private mediation by no later than **January 31, 2024**.

(iv)    <u>Proposed Timetables and Cut-off Dates</u>. Plaintiffs should be allowed until **September 29, 2023** to join additional parties and amend the pleadings. Defendants should be allowed until **October 13, 2023** to join additional parties and amend the pleadings.

(v)    <u>Discovery Plan</u>. The Parties agree that general discovery, record collection, and depositions of Plaintiffs, several key fact witnesses, and experts are

necessary before trial. Recognizing that the precise contours of the case, including the amounts of damages at issue, are not clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1) in proportion to the needs of the case. The undersigned counsel are experienced in handling product liability cases arising from serious and fatal injuries. Based on their experience, counsel believes that this product liability case is a very complex civil matter. To get this case ready for trial, the Parties will need to conduct substantial fact discovery and expert discovery concerning the purported defects of the product, causation issues (i.e., exploring what caused the infant's injuries), and damages claims. The Parties estimate that there will be a high number of fact witnesses, along with at least a dozen experts. The substantial amount of record collection, the high number of witnesses, as well as the number of parties, will create inevitable scheduling conflicts that will take time to resolve. Given these realities, the Parties believe that the below-outlined schedule is appropriate and is necessary under the circumstances and respectfully request that the Court's initial scheduling order [ECF No. 14] be revised as follows:

1.  Discovery will be needed on the following subjects:
    a.  Liability;
    b.  Causation;
    c.  Damages; and
    d.  Any other issues agreed upon by the Parties.

2.      All discovery commenced in time to be completed on **December 6, 2024**.

3.      Maximum of **thirty (30)** interrogatories by each party to any other party. Responses due thirty (30) days after service.

4.      Maximum of **fifty (50)** requests for production of documents or tangible things by each party to any other party. Responses due thirty (30) days after service.

5.      Maximum of **fifty (50)** requests for admission by each party to any other party. Responses due thirty (30) days after service.

6.      Maximum of **twenty (20)** to **twenty-five (25)** depositions to be conducted by the Parties. Each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the Parties or Court order.

7.      Initial disclosures required by Rule 26(a)(1) due on **August 11, 2023**.

8.      Expert disclosures, including reports required by Rule 26(a)(2) due from Plaintiffs on **August 2, 2024** and from Defendants on **October 4, 2024**.

9.      Supplementation under Rule 26(e) due within a reasonable time after information is obtained.

(vi)   <u>Information from Electronic or Computer-Based Media</u>.   The Parties intend to request and produce information from electronic or computer-based media. At this time, the Parties agree that disclosure or production of such information will be limited to data reasonably available to the Parties in the ordinary course of business. Disclosure or discovery of electronically stored information (hereinafter "ESI") should be handled as follows: The Parties stipulate that, to the extent reasonably accessible and otherwise not objectionable, ESI

identified or requested during the course of discovery will be produced either in its native format or in a searchable file format (.pdf or .tiff) suitable for upload into and/or hosting by a document retention and review platform and/or vendor, and delivered by appropriate means, including a secured file transfer site. The Parties further agree that they will produce ESI in a format that is useable by the other parties. For instance, if data is stored in specialized software or programs, the party producing such information agrees to make available to the other parties the necessary software or program to review the data. If this is not reasonably possible, the party producing such information agrees to convert the information into a format that the other parties can use or to reproduce the information in paper form. If no such means are reasonably available, the Parties agree to allow each other to access the information at a prearranged time and place. The Parties anticipate a need to preserve such ESI as set out above and agree that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. To the extent any party seeks the production of metadata, the parties will negotiate an agreement on collecting and producing such information.

    (vii)  <u>Other Items</u>.

    1.    The Parties consent to receive discovery by electronic transmission.

    2.    The Parties are unaware of any unique aspects of the case that must be brought to the Court's attention.

10

3.      This case should not be subject to the manual for complex litigation.

4.      The Parties do not request a conference with the Court before entry of the scheduling order.

5.      Any amendments within the time frames described herein shall be allowed without requiring leave of Court.

6.      All potentially dispositive motions should be filed by **February 4, 2025**.

7.      The Parties request a final pretrial conference at least **thirty (30)** days after the Court has ruled on dispositive motions.

8.      The Parties shall file final witness and exhibit lists under Rule 26(a)(3) no later than **thirty (30)** days prior to trial.

9.      The Parties shall file objections under Rule 26(a)(3) no later than **ten (10)** days after service of final exhibit lists.

10.    The case should be ready for a jury trial by **July 2025**. At this time the trial is expected to take approximately **10-15 days**.

11.    The Parties will submit a stipulated proposed protective order to the Court for entry, which will govern the production of confidential and/or highly sensitive material, including but not limited to protected health information.

12.    The Parties intend to seek a joint protective order addressing the disclosure of confidential discovery materials, including the procedure for clawing back inadvertently disclosed confidential information.

13.    The Parties agree that the procedure for clawing back inadvertently disclosed confidential information shall also apply to the inadvertent disclosure of privileged information.

14.    Nothing in this report prevents any party from seeking modification of this report for good cause shown and with the Court's consent.

Respectfully submitted this 19th day of July, 2023.

**For Plaintiffs Gary B. Leuchtman, Jessica Douglas,
William Browder, and P.B.**

*/s/ Jane F. Mauzy*
Rip Andrews | ripandrews@mrblaw.com
Richard J. Riley | rriley@mrblaw.com
Jane F. Mauzy | jmauzy@mrblaw.com
MARSH | RICKARD | BRYAN
800 Shades Creek Parkway, Suite 600-D
Birmingham, AL 35209
T: (205) 879-1981 | F: (205) 879-1986
-and-
Eric Stevenson | eric@stevensonklotz.com
Chris Klotz | chris@stevensonklotz.com
STEVENSON KLOTZ LLP
510 East Zaragoza Street
T: (850) 444-0000

**For Defendants Fisher-Price, Inc. and Mattel, Inc.**

*/s/ Bardia Sanjabi*
Brandon D. Cox | coxb@gtlaw.com
Lori G. Cohen | cohenl@gtlaw.com
Bardia Sanjabi | sanjabib@gtlaw.com
GREENBERG TRAURIG, LLP
The Terminus
3333 Piedmont Road, N.E., Suite 2500
Atlanta, GA 30305
T: (678) 553-2100 | F: (678) 553-2212
-and-
Alexandra Bach Lagos | alexandra.lagos@gtlaw.com
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, 44th Floor
Miami, FL 33131
T: (305) 579-0500 | F: (305) 579-0717

**For Defendant Dirt Cheap LLC**

*/s/ Jeremy W. Harris*
Jeremy W. Harris | jharris@lydecker.com
Adam J. Wicker | ajw@lydecker.com
LYDECKER
2300 Glades Road, Suite 340w
Boca Raton, FL 33431
T: (561) 655-6661
-and-
Mark A. Hendricks | mah@lydecker.com
LYDECKER
1221 Brickwell Avenue, 19th Floor
Miami, FL 33131
T: (305) 416-3180

## CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification and a copy of the same to all counsel of record in this matter.

/s/ Jane F. Mauzy
OF COUNSEL